UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANOTEX LLC,

        Plaintiff,                          Case No. 2:15-cv-12479

v.                                    HONORABLE STEPHEN J. MURPHY, III

JOHN SCHROETER and APPLIED
TEXTILES, INC.,

        Defendants.

_____/

**ORDER GRANTING MOTION TO TRANSFER VENUE** (document no. 11)

Plaintiff Nanotex LLC ("Nanotex") sued the Defendants for allegedly selling fabrics they falsely described as treated with Nanotex's proprietary treatment. Compl., ECF No. 1. The Defendants filed a Motion to Dismiss under several provisions of Rule 12(b), or in the alternative to transfer the case to the Western District of Michigan. Having carefully reviewed the parties' filings, the Court finds that the forum selection clause found in the Exclusive Distribution Agreement ("Agreement") is valid and enforceable. Therefore, the Court will dismiss the case for improper venue.

**BACKGROUND**

In 2008, the parties signed the Agreement, in which Applied Textiles was to buy quantities of Nanotex's product and to treat its fabrics for sale in the contract interior and furniture markets. Resp. 4, ECF No. 15. The Agreement also gave Applied Textiles a license to use Nanotex's marks in advertising the treated fabric. *Id.* at 4–5. The contract covered confidentiality, intellectual property issues, the right to use Nanotex's proprietary material, manufacturing and shipping, purchase obligations, orders and deliveries, warranties and obligations, indemnification and other common contract provisions. Falconer

Aff., Ex. 1, ECF No. 11-1. Finally, and most pertinent for the present question, the Agreement included a forum selection clause: "[a]ny controversy or claim arising out of or related to this Agreement or any breach thereof shall be litigated in state or federal court in Alameda County, California if the claim is filed by Applied Textiles, or in Kent County, Michigan if the claim is filed by Nano-Tex." *Id.*

Nanotex alleges that it has tested fabrics sold by Applied Textiles using the Nanotex marks, and that many of the fabrics have not been treated with Nanotex's proprietary chemistry. Compl. 7–8, ECF No. 1. Nanotex brought the Complaint, and the Defendants filed the present Motion to Dismiss or Transfer Venue.

## STANDARD OF REVIEW

At the motion to dismiss stage, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

## DISCUSSION

The pivotal issue is whether to enforce the forum selection clause contained in the parties' Exclusive Distribution Agreement. Both parties agree that California law governs

interpretation of the Agreement. Resp. 7, ECF No. 15. Forum selection clauses "generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999). A forum selection clause may be unenforceable if it was (1) obtained by fraud or duress, (2) the selected forum would not handle the suit, or do so effectively or fairly, or (3) the selected forum would be unjustly inconvenient for the plaintiff. *Id.* (citing Restatement (Second) of Conflict of Laws § 80 cmt. c (1971)).

Nanotex does not argue that the clause is unfair, unreasonable, or unenforceable for any of the reasons outlined above. Rather, Nanotex contends that the Agreement does not contemplate the Defendants' sale of counterfeit goods, and therefore the complaint "falls outside the scope of the distribution of genuine Nanotex products set forth in the Exclusive Distribution Agreement." Resp. 1, ECF No. 15. The contention is unavailing.

The Agreement considered a broad range of rights and obligations between the parties, including the use of trademarks and the sale of goods treated with Nanotex's chemistry. It was the legal expression of the commercial relationship between the parties. Nanotex's claim that the Defendants have been selling counterfeit goods wrongfully using Nanotex's mark is  "related to" a primary subject of the Agreement: the Defendants' rights to and proper use of Nanotex's marks.

The caselaw makes it clear that when a forum selection clause uses the phrase "arising out of or related to" the underlying contract, the clause will be interpreted broadly. *See Simlula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). A claim is "related to" a contract when one has a significant relationship to the other. *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. CV 09-3627, 2009 WL 7322253, at *5 (C.D. Cal. Dec. 30,

2009). Nanotex's claim that Defendants wrongfully used its marks is "significantly related" to the contract that gave Defendants the rights to (and obligations of) the marks originally.

Nanotex would have a stronger argument if the forum selection clause was applicable only to claims "arising under" the Agreement, a common and much narrower provision. *See id.* (citing *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)). But "every court that has construed the phrase 'arising in connection with' [similar to "related to"] has interpreted that language broadly." *Simula, Inc.*, 175 F.3d at 721. The Court will do so as well.

The cases cited by Nanotex are inapt. As noted above, *Cedars-Sinai* states that a claim "related to" a contract need only have a significant relationship to it, and not concern the contract itself. The Southern District of New York and Second Circuit cases they cite not only do not involve California law, but were based on narrow forum selection clauses. *Agrotiki Viomichania Galaktos Ipirou Dodoni A.E. v. Fantis Foods, Inc.*, No. 14-cv-9179, 2015 WL 1029651 (S.D.N.Y. Mar. 10, 2015) (considering clause limited to claims "arising from the enforcement and operation of this agreement"); *Philips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) (considering clause limited to "legal proceedings that may arise out of" the contract at issue).

## CONCLUSION

Rather than dismiss the case for improper venue under Fed. R. Civ. P. 12(b)(3), the Court will transfer the case to the United States District Court for Western District of Michigan, as is proper under 28 U.S.C. § 1404(a). The valid forum selection clause mandates that Nanotex's claims be brought in the courts of Kent County, Michigan, and the case should be heard at the District Courthouse in Grand Rapids.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Transfer Venue

(document no. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case be **TRANSFERRED** to the Southern

Division of the United States District Court for the Western District of Michigan.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager